

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

|  |  |
|---|---|
| JOSEPH THOMAS TRACY III and GINA TRACY,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: SACV 20-01514-CJC(ADSx)<br><br>**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT** |

  On July 15, 2020, Plaintiffs Joseph Thomas Tracy III and Gina Tracy filed this action in Orange County Superior Court against Defendants Hyundai Motor America and unnamed Does. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiffs allege that on July 15, 2018 they acquired a 2017 Hyundai Sonata from Defendants. (*Id.* ¶ 9.) Shortly before August 4, 2019, the vehicle began experiencing problems with the engine, "which caused the vehicle to stall and lose power upon the vehicle reaching the speed of 60 miles per hour." (*Id.* ¶ 11.) Plaintiffs brought the vehicle to Defendants' authorized dealerships at least three times for repairs, but Defendants "failed and refused to repair

-1-

the defect within a reasonable number of repair attempts." (*Id.* ¶ 12.) Plaintiffs asserts four claims alleging breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 et seq., and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. (*Id.*)  They seek restitution, incidental and consequential damages, reasonable attorneys' fees, and civil penalties. (*Id.* at 6–7.)

On August 14, 2020, Defendant Hyundai Motor America removed, asserting that this Court has federal question jurisdiction over the Magnuson-Moss Warranty Act claims and supplemental jurisdiction over the state law claims. *See* 28 U.S.C §§ 1331, 1367.  A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  "The court may— indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

As relevant here, a federal question claim brought under the Magnuson-Moss Warranty Act requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). If the complaint does not allege that the amount in controversy has been met, the removing defendant must allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).

Plaintiffs do not allege a specific amount of damages. (*See* Compl.) At best, the Complaint indicates the "[a]mount demanded exceeds $25,000." (*Id.* at Ex. B.) Thus, from the face of the Complaint the amount in controversy is unclear and Defendant bears the burden of establishing it has been met. In its notice of removal, Defendant fails to establish that the amount in controversy exceeds the $50,000 threshold required for federal question jurisdiction. (*See* Dkt. 1 [Notice of Removal].) Indeed, it does not address the issue at all, but references only the Complaint and its attached exhibits.

This does not satisfy Defendant's burden to establish this Court's removal jurisdiction, which is strictly construed against such jurisdiction. *See Gaus*, 980 F.2d at 566. The Complaint does not describe the extent of Plaintiffs' damages, and Defendant makes no effort to describe them to the Court to help the Court evaluate whether Defendant has met its burden. According to the vehicle acquisition agreement, the total cash price was $11,990. (Compl. at Ex. A.) Even considering the two-times damages civil penalty under California Civil Code § 1794(c), this would not exceed the $50,000 requirement.

Courts in this district have found that defendants who made a much better showing of a $50,000 amount in controversy than Defendant did here failed to meet their burden. For example, one court found that a defendant failed to show by a preponderance of the

evidence that the amount in controversy was met where the defendant presented evidence that the retail price of the vehicle was $22,090 which, when calculated with the maximum civil penalty, exceeded the $50,000 threshold. *Limon-Gonzalez v. Kia Motors America, Inc.*, at *3 (C.D. Cal. July 7, 2020). Here, Defendant did not present any calculations at all. Similarly, another court found that evidence that the plaintiff paid $30,000 was not sufficient to show the amount in controversy was met when adding civil penalties, because the defendant did not address a reduction in the amount for use of the vehicle or provide evidence to support the award of civil penalties. *Quinones v. FCA US LLC*, 2020 WL 4437482, at *1–2 (C.D. Cal. July 31, 2020). Here, Defendant provides even less information—in fact, none—than the defendants in *Limon-Gonzalez* or *Quinones*, who at least attempted to calculate the amount in controversy.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, the Court *sua sponte* **REMANDS** this case to Orange County Superior Court.

DATED: September 3, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE